UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. _____

LINDA MEYERS AND SUSAN
SHERMAN,

    Plaintiff,

v.

LIVE NATION WORLDWIDE, INC., a
foreign corporation, and MADONNA
LOUISE CICCONE, individually,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants Live Nation Worldwide, Inc. ("Live Nation") and Madonna Louise Ciccone ("Madonna") remove this putative class action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (i) the parties are minimally diverse; (ii) the amount in controversy exceeds $5 million; and (iii) the putative class has more than 100 members.

## STATEMENT OF THE CASE

1. On December 17, 2019, Plaintiffs Linda Meyers and Susan Sherman ("Plaintiffs") commenced this action against Live Nation and Madonna and in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. Plaintiffs claim they purchased tickets to a concert by Madonna, and that they suffered damages because the concert's start time changed from 8:30 p.m. to 10:30 p.m and because they were prohibited from using their cellular phones at the concert.

3. Based on the change to the concert's start time and cellular phone policy, Plaintiffs purport to assert claims for breach of contract (Count I); promissory estoppel (Count II); negligent

misrepresentation (Count III); deceptive and unfair trade practices (Count IV); and unjust enrichment (Count V) on behalf of themselves and other ticketholders.

4.  The putative class is defined as "all those similarly situated ticket holders throughout the United States of America who purchased a ticket to the concerts that are part of the Madonna Madame X Concert Tour." Compl. ¶ 23.

5.  Plaintiff served Live Nation and Madonna with a Summons and Complaint on January 7, 2020.

6.  The parties stipulated to an extension of time for Defendants to respond to the Complaint. Prior to taking any action in state court in response to the Complaint, Defendants removed this action to this Court.

### THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

7.  CAFA was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The statute "expanded considerably" the subject matter jurisdiction of the federal courts over class actions that meet certain "minimal" requirements. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014).

8.  The Supreme Court has emphasized that "no antiremoval presumption attends cases invoking CAFA," and further, that the statute's provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart*, 574 U.S. at 89.

9.  "CAFA grants federal district courts jurisdiction over class actions where (1) *any* member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed

2

plaintiff class contains at least 100 members." *See Dudley*, 778 F.3d at 911 (emphasis in original). *See also* 28 U.S.C. § 1332(d)(2), (5)-(6).

10. This Court has subject matter jurisdiction over this action because the requirements of CAFA are satisfied.

### Class Action

11. The term "class action" is defined under the statute as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs allege to have filed his Complaint pursuant to Fla. R. Civ. P. 1.220 (*see* Compl. ¶ 23), which is entitled "Class Actions" and governs when a "claim or defense may be maintained on behalf of a class by one party or more suing or being sued as the representative of all the members of a class." Fla. R. Civ. P. 1.220(a). Although Defendants dispute that Plaintiffs can meet the requirements under Federal Rule of Civil Procedure 23 for certifying the alleged class of unnamed plaintiffs, and disputes any amount owing to Plaintiffs or the alleged class, this lawsuit qualifies as a "class action" under CAFA.

### Minimal Diversity

12. Removal is proper where at least one class member is diverse from at least one defendant. 28 U.S.C. § 1332(d). The requisite minimal diversity exists here.

13. Upon information and belief, Plaintiffs Linda Meyers and Susan Sherman are citizens of Florida. *See* Compl. ¶ 2 (alleging Plaintiffs "are individuals . . . residing in the State of Florida). *See also Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991) ("State citizenship, or 'domicile' for purposes of diversity jurisdiction, is determined by two factors: residence and intention to remain.") (citation omitted).

3

14. Plaintiffs define the members of the putative class as "ticket holders throughout the United States of America who purchased a ticket to concerts that are part of the Madonna Madame X concert tour." Compl. ¶ 23. The concerts that are part of the Madonna Madame X Concert Tour have occurred in various states including New York, Illinois, California, Nevada, Pennsylvania and Florida. Upon information and belief, the putative class members, i.e., individuals who bought tickets to these concerts, include citizens of each of these states.

15. Defendant Madonna is a citizen of New York.

16. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Defendant Live Nation is incorporated in Delaware and has its principal place of business in California. Thus, Defendant Live Nation is a citizen of Delaware and California.

17. As of the of the filing of the Complaint, and as of the date of this filing, minimal diversity exists for several reasons: (i) each Plaintiff and Live Nation are citizens of different states; (ii) each Plaintiff and Madonna are citizens of different states; and (iii) members of the putative class are citizens of different states from Live Nation and/or Madonna.

### Amount in Controversy

18. Removal is proper where the claims of the individual members in a class action – when aggregated – exceed the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Although Defendants deny any liability and deny that Plaintiffs or any putative class member are entitled to recover any damages at all, Plaintiffs' allegations in the Complaint place at issue in this action an amount that meets CAFA's $5,000,000 jurisdictional threshold.

19.     As discussed above, Plaintiffs seek to represent a putative class of "all those similarly situated ticket holders throughout the United States of America who purchased a ticket to concerts that are part of the Madonna Madame X concert tour." *See* Compl. ¶ 23. Plaintiffs claim that all putative class members have been damaged by, among other things, the "loss of consideration paid" for a concert ticket. *Id.* ¶ 40. Plaintiffs also claim that Defendants have been unjustly enriched "by not offering refunds and instead keeping the money paid by Meyers and Sherman and all other class members, or by the persons that originally bought tickets and sold the tickets to Meyers and Sherman and other class members." *Id.* ¶ 72. While Defendants deny any liability and deny that Plaintiffs or any putative class member are entitled to recover any damages at all, these allegations place at issue the total revenues received from ticket sales for the Madonna Madame X Concert Tour.

20.     Total ticket revenue from the series of concerts in Miami and Philadelphia alone exceeds $7,000,000 (with more than 25,000 tickets sold for those concerts). Total revenues from ticket sales for all the concerts that are part of the Madonna Madame X Concert Tour thus substantially exceed $5,000,000. That the purported amount in controversy is greater than $5,000,000 by such magnitude further demonstrates that CAFA's requirement is satisfied here. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014).

21.     Moreover, in connection with their unfair and deceptive trade practice claim, Plaintiffs seek attorney's fees pursuant to Fla. Stat. § 502.2105 (*see* Compl. at 12), which should be taken into account in ascertaining the amount in controversy, though Defendants deny that Plaintiffs are entitled to such fees. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Parker v. Scottsdale Ins. Co.*, No. 18-24340,

2019 WL 409039 (S.D. Fla. Feb. 1, 2019) (including reasonable attorney's fee in amount of controversy calculation).

22. Accordingly, although unwarranted, Plaintiffs' claims for monetary relief, including attorney's fees, place more than $5,000,000 at issue in this action.

### Number of Members of Putative Class

23. Plaintiffs allege in paragraph 24 of the Complaint that "[t]he number of class members are so numerous that separate joinder of each member is impractical." Plaintiffs do not specify the number of members of the putative class, but allege the putative class to include "all those similarly situated ticket holders throughout the United States of America who purchased a ticket to concerts that are part of the Madonna Madame X concert tour." *See* Compl. ¶ 23. As discussed above, over 25,000 tickets were sold for the series of Madonna Madame X concerts in Miami and Philadelphia alone. Therefore, the purported class of "all ticket holders" exceeds 100 members. Accordingly, although Defendants contend Plaintiffs' class allegations lack merit, CAFA's requirement under 28 U.S.C. § 1332(d)(5)(B) that the proposed class include at least 100 persons is satisfied in this action.

### Additional Removal Procedure

24. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other pleadings, process, and orders in this action are attached as **Composite Exhibit A.**

25. This Notice of Removal has been filed within thirty (30) days after service of process on Live Nation and Madonna, as required by 28 U.S.C. § 1446(b).

26. Promptly after the filing of this notice, Defendants will give written notice hereof to Plaintiffs and will file a copy of this notice with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as required under 28 U.S.C. § 1446(d).

## CONCLUSION

27. Plaintiffs have purported to file a class action wherein (i) the parties are minimally diverse; (ii) the amount in controversy exceeds $5 million; and (iii) the putative class has more than 100 members. Accordingly, this Court has original jurisdiction over the Complaint and the alleged causes of action therein pursuant to CAFA, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

WHEREFORE, without waiving any defenses or objections to this action, Defendants respectfully request that the action until now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed to the United States District Court for the Southern District of Florida and that the Court issue such orders and process as are necessary to preserve its jurisdiction over this action.

Dated: February 5, 2020

Respectfully submitted,

**PROSKAUER ROSE LLP**
One Boca Place, Suite 421A
2255 Glades Road
Boca Raton, FL  33431
Telephone:   (561) 241-7400
Facsimile:    (561) 241-7145

By: _/s/ Lisa Markofsky_
Matthew Triggs
Florida Bar No. 0865745
Lisa Markofsky
Florida Bar No. 0016673
mtriggs@proskauer.com
lmarkofsky@proskauer.com
florida.litigation@proskauer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 5, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF. I also certify that I caused the foregoing document to be mailed by first-class mail to:

Marcus W. Corwin, Esq.
MARCUS W. CORWIN, P.A.
601 Broken Sound Parkway NW
Suite 404
Boca Raton, FL 33487
mcorwin@corwinlawfirm.com

*Counsel for Plaintiffs*

_____
Lisa Markofsky